Mask *v.* Miller.

## Mask *et al. v.* Miller *et al.*

1. **Trustee.** *Administration. Statute of six months. Practice in County Court.* J. J. Polk was trustee in a deed, and died intestate, with trust funds in his hands. Mask made application to the County Court to have a successor appointed, to which proceedings Polk's administrators were made defendants. They plead, in abatement of the proceeding, that at the time the suit was brought they had not been appointed administrators six months.

   *Held,* that this was not a "suit" to reach assets of the intestate's estate, and that the application could be maintained.

2. **Same.** *Same. Chancery jurisdiction. Attachment. County Court.* But where the property under a trust deed has been attached during the life of the trustee and he made a party, upon his death pending such suit, the application for the appointment of a successor must be made to the Chancery Court in such case, and not to the County Court.

   Code cited: Secs. 3661–2–3.

---

### FROM HARDEMAN.

---

Appeal from the County Court.

Wright, Shelton and Hill & Hasden for complainant.

Wood & McNeal for defendant.

Freeman, J., delivered the opinion of the court.

The only question in this case is, whether the decree of the County Court of Hardeman county is erroneous, refusing the application of petitioner to ap-

point a trustee in the place of J. J. Polk, deceased.

The petitioner shows that in 1865 W. B. Morrow made a deed of trust, conveying property, real and personal, to said Polk, as trustee, for the payment of debts therein specified. It appears further from said petition, that in 1866 three bills were filed in the Chancery Court at Bolivar by creditors, attacking this deed of trust as being fraudulent and void as to them. Under these bills the property was attached, and also an injunction issued restraining the trustee from paying out the trust fund until ordered by the court, by decrees had in the causes.

It appears in the record that one of these cases has been decided—had been appealed to this court, and from this court taken by writ of error to the Supreme Court of the United States, where it is still pending—the other two cases remaining in the Chancery Court at Bolivar, under an agreement to abide the result of the case in the Supreme Court of the United States.

It appears that Polk had accepted the trust, and proceeded to enter upon the discharge of the same, when, in September, 1871, he died, and Oscar Polk and P. H. Bowers were regularly appointed his administrators.

These administrators resist the application of the petitioners on several grounds.

1. That this is a suit, and commenced against them within six months after their appointment as administrators.

Mask *v.* Miller.

There is nothing in this objection, as it is not· a suit to reach assets of the estate of their intestate, and not within the purview of the statute on this subject.

2. That the whole of said trust property is attached in the suits mentioned, and in the custody of the law; was in the hands of Polk as trustee at his death, and is now in possession of the administrators, and the same is held subject to the decrees to be made in said causes.

By secs. 3661–2–3, the County Court may, in case of the death or removal of a trustee, appoint a successor, taking bond, etc. It is also made the duty of the court in such cases to divest the title to the property and enforce its delivery to the new trustee.

We hold that, under these provisions, it is the duty of the court to appoint a new trustee in all proper cases, and that, on the facts, this was not a proper case for the County Court to take jurisdiction of the matter, as presented.

The trust fund was in a court of chancery for administration, and had been attached, subject to the decrees of that court. The trustee was a party to these suits, and the case, no doubt, has been revived against his personal representatives, or certainly may be, and they will be answerable to the court for the fund under its decrees. Under these circumstances it would be improper for any other court to take jurisdiction, and assume the control of the fund, or compel its delivery to a party who may be designated or

34—VOL. 7.

appointed by it.    It would necessarily produce a conflict of jurisdiction, and might result in serious or irreparable injury to the personal representative of the late trustee.

This view finds an analogy for its support in the case of *Webb* v. *Earl of Shaftsbury*, 7 Vesey, 487, where a trustee was authorized to appoint one or more persons trustees for all or any portion of the property which was devised or bequeathed.   The property being in litigation under the will in the court of chancery, Lord Eldon refused to allow the trustee to appoint under his power, except under the direction of the court, saying the mischief to be guarded against would be in a great measure done by the simple appointment, making the necessity of getting back the title.

We think it clear the party should apply in the cases pending for the appointment, if one is desired or necessary, to the Chancery Court.

Let the case be affirmed.