Fseemast, J\,
delivered, the opinion of the court:
This bill is filed by the heirs at law of George Peoples, deceased, to have a sale of land made Binder a decree of the chancery court, at Huntingdon, declared void, and the purchaser’s claim under said sale, removed as a cloud on complainants’ title. The chancellor so decreed, from which defendants, the purchasers, and heirs of one who had died, have appealed to this court.
Numerous irregularities and errors in the proceedings for said sale are charged in complainants’ bill, which need not be noticed. Mere irregularities, and even errors for which the ease might have been reversed in a direct proceeding by appeal or writ of error, cannot be noticed in a collateral attack, as tbis is. It is now settled beyond question, and has long been the established law, both in this state and elsewhere, that if the court rendering a judgment or decree lias jurisdiction of the subject-matter and of the parties decreed against, the judgment or decree is valid, when collaterally brought in question, these facts appearing on the face of the pleadings and decree. See Preeman on *148 Judgments, secs. 135 and 724, and this question must be tested by the record in such cases, except in case of an attach on the judgment or decree for fraud in obtaining it. See caso of Kindell v. Titus et al., MS., Jackson, April term, 1872 [since reported in 9 Heis., 727], for a review of the authorities on this question.
The rule laid down in the' last cited case, is, that if the pleadings and decree assume a state of facts on which the court is authorized to make the decree, the sale made' under it is valid, otherwise the decree made is void, in cases like this, but that you cannot look to the evidence before the court, on which the decree was based, to see whether the court drew the proper conclusion from it or not. This rule stands on the soundest principle, one which cannot be departed from, otherwise we would have one chancery or cir-cid.t court reviewing the decisions and judgments of sister courts of co-ordinate jurisdiction because erroneously decided. No such incongruity could be sustained; an appellate tribunal must do this.
We proceed to test the validity of the sale sought to be set aside by these rules, and look to the original bill filed by Hutchison, the administrator of Peoples, and the decree of sale, to see whether the court had jurisdiction to make the sale, assuming for the present that the persons interested in the land were properly. made parties to the proceeding.
The original bill is made an exhibit to the present, so that we can see all its allegations. It is very brief, and its defects readily seen. It is filed, by Hutchison, claiming to be administrator of George Peoples, deceased, against the administrator and heirs of said Peoples, states Ids death in the State of Arkansas; that he was seized of the lands now in controversy, situated in the county of Oar-roll, in which his widow was entitled to dower, but that she preferred to take the same in money; the land is stated to be between 600 and 700 acres; that this was nearly all the property said Peoples had in Tennessee, and was worth *149 from four to six thousand dollars. It is then alleged that Peoples was "greatly embarrassed in Tennessee at the time of his death, even to insolvency, and the complainant here suggest the same in your honorable court,” and prays that his creditors, when ascertained, may be made parties to this bill, and notice be given them to file their claims, so that the estate can be wound up in this court. Then follows a prayer for publication as to the heirs and creditors, and for the sale of the land. This cannot be held to be a bill to administer an insolvent estate, under our laws, for that purpose, for such a bill can only be filed "after the suggestion of the insolvency of the estate,” or, to use the language of the Code, the bill may be filed at any time after the estate is reported insolvent to the county court, sec. 2366; see, also, sec. 2381 [Shannon’s Code, secs. 4106 and 4121]. "We find no' authority to do' so before. The authority being by statute, the statute must be looked to for its exercise. It is obvious from this that the suggestion of the insolvency to chancery court must be treated as a nullity. It might as well have been stated it had been made in the circuit court, or before a justice of the peace; no authority is given for making such suggestion to the chancery court. This cannot be treated, then, as an insolvent bill under the Code. It is equally clear that as a bill to sell land for payment of debts, it is fatally defective; it does not allege the ex< haustion of the personal assets in the payment of debts, nor does it set forth any particular debts as remaining due, with other defects not necessary to be noticed.
In addition to the above, the decree ordering the sale of the land, fails to find or assume facts that would authorize a sale of the land. The clerk and master was ordered to make a report, showing what assets had come- to the hands of the administrator, and the amount of indebtedness; whether the administrator had exhausted the assets in payment of debts, and the necessity for the sale of the land, lie submitted bis report, based on the deposition of the administrator alone, which report and deposition are embod *150 ied in the decree ordering the sale, and made the basis for the decree by the court. We can look to the. facts thus embodied in the decree, to see the grounds on which the sale was made. It appears from this decree that no debts had been paid, but the administrator had assets to the amount of $1,000, in his hands. It further appears that no account is taken of any indebtedness, but the administrator ■ says he knew of claims. against the estate to the amount of about $7,031, and did not know that this was all. This is the sole fact to be found in the decree on which the order of sale was made; only a temporary statement from the administrator that he had heard or knew of claims to the amount specified against the estate; no assumption that this fact was made to appear to the court in any other way than as above. ' We need but say that a sale based on such a decree is void, for want of showing on its face any authority in the court to malee it.
We need not cite other cases in support of this conclusion. The chancellor properly so held, and set aside the sale, and we affirm his decree in this reference. But under the principle of the case of Martin et al. v. Turner et al., 2 Heis., 389; see, also, 1 Cold., 525; 2 Sneed, 471, the complainants must account for all money paid by the purchasers which was appropriated to the payment and discharge of bona fide debts which were a charge on the land, as assets under our law. So much of the purchase money as can be shown to have been thus appropriated, will be declared a lien on the lairds on which it was paid, in favor of the purchasers, in proportion to the amount paid by said purchaser and the debts discharged by the same. An account of such debts and payments by the purchasers will be taken in the court below, and proper orders made in accordance with this view.
One other question remains in this case. It appears that the widow liad accepted the $1,448 of the purchase money paid into court, as value of her dower. She is not a party to this proceeding. The chancellor permitted the pur *151 chasers to elect whether they would take the dower to be laid off by metes and bounds, or to receive this sum with interest, from tire time paid to the widow. The defendants elected to take the money, and a lien was declared in favor of the purchasers in proportion, to their payments for this sum oil the entire land purchased.
We are unable to see any sound principle on which this part of the decree can stand. The purchasers get a good title to this dower interest. The widow cannot disturb them in the enjoyment of it during her natural life. The complainants cannot fairly be compelled, by this means, to purchase and pay for the dower interest. We therefore reverse the decree as to dower, and direct that it be laid off to the purchasers of the land by metes and bounds, and title vested in the purchasers in proportion to the amount paid by each as tenants in common; no account of rents of dower interest will be taken, as a matter of course.'
This disposes of all the questions we deem material to notice in this case. It will be remanded to the chancery court, to be proceeded in under this opinion. Costs of this court will be paid, one-half by the complainants, the other by defendants who are free from disability.