LYDIA ARNOLD, *et al., v.* E. H. BURKS, *et al.*[*]

(*Nashville,* December Term, 1927.)

Opinion filed May 7, 1928.

1. INSOLVENT   ESTATES.   CHANCERY   JURISDICTION.
   TRANSFER OF ADMINISTRATION.

   Whatever limitation on the jurisdiction of the chancery court may
   be found in Section 4000 of Shannon's Code can have no effect
   upon the jurisdiction invoked by a bill to transfer the adminis-
   tration of an insolvent estate to the chancery court, under the
   provisions of Sections 4102 et seq. of the Code. While the pro-
   ceedings under the respective sections may have the same gen-
   eral object in view, to satisfy the debts of a decedent out of the
   proceeds of a sale of his real estate, the two proceedings are
   entirely different and distinct in their inception and general scope.
   (Post, p. 23.)

   Citing: Shannon's Code, sections 4000 and 4102, et seq.

2. INSOLVENT   ESTATES.   CHANCERY   JURISDICTION.
   COUNTY COURT JURISDICTION.   BILL TO SELL REAL
   ESTATE.

   A bill may be filed under Section 4000 of Shannon's Code to sell
   the real estate of a decedent only when there has been a com-
   plete administration of the personal estate, in the county court,
   with unpaid debts remaining. (Post, p. 23.)

   Citing: Shannon's Code, Section 4000.

3. INSOLVENT ESTATES.   ADMINISTRATION.   CHANCERY
   JURISDICTION.

   In a proceeding brought under Section 4102 of Shannon's Code,
   the entire administration of both the personal property and the
   real estate is removed to the chancery court. (Post, p. 24.)

   Citing: Shannon's Code, sec. 4102; Sizer's Pritchard, Law of Wills
   and Executors, secs. 796, 813, 824-843, et seq.

   _____

   [*]For authorities discussing the question of meaning and definition
   of "insolvency" see 14 R. C. L. 628; 4 R. C. L. Supp. 913; 5 R. C. L.
   Supp. 774; 6 R. C. L. Supp. 827.

4. INSOLVENT ESTATES. ADMINISTRATION. CHANCERY JURISDICTION. RIGHTS OF EXECUTOR. RIGHTS OF CREDITOR.

There is nothing in the statutes, authorizing the transfer of the administration of insolvent estates to the chancery court, which would exclude from their application an administration under a will conferring power upon the executor to sell real estate for the payment of debts; but the executor could have the estate so administered, if unwilling to exercise the power conferred upon him by the will, or creditors would have the right to have the estate so administered if the executor should fail or neglect to exercise his testamentary power. (Post, p. 24.)

Citing: Shannon's Code, sec. 4000; Hubbard v. Epps, 68 Tenn. (9 Baxt.), 235.

5. INSOLVENT ESTATES. DEFINITION. ADMINISTRATION.

An insolvent estate, within the meaning of our statute, is one of which the personal assets are not sufficient to satisfy all of its debts, and not one which is insolvent in fact; that is, where the debts exceed the value of both real and personal assets. (Post, p. 25.)

Citing: Ewing v. Maury, 71 Tenn. (3 Lea), 381, 388; Sizer's Pritchard, Law of Wills & Executors, sec. 826.

6. INSOLVENT ESTATES. BILL TO TRANSFER. ·ADMINISTRATION. PLEA IN ABATEMENT.

Where a bill has been filed seeking to transfer the administration of an estate to the chancery court, before the expiration of six months allowed from the date of the qualification of the executor, or administrator, it should be dismissed, on plea in abatement. (Post, p. 25.)

Citing: Shannon's Code, sec. 4106.

7. INSOLVENT ESTATES. DUTY OF EXECUTOR OR ADMINISTRATOR.

Legal import of the suggestion of insolvency is that it has been ascertained that the personal assets are not sufficient to satisfy all of the debts of the estate, and the rights of creditor to share ratably becomes fixed from the date of the suggestion, and the statutes make it the duty of executor or administrator to make

a suggestion of insolvency to the clerk of the county court, whenever he ascertains the fact of insolvency; and any creditor of the estate may make the suggestion of insolvency, under penalty of liability for all costs arising to the estate, if the suggestion is made falsely. (Post, p. 25.)

Citing: Shannon's Code, secs. 4068, 4069; Ewing v. Maury, 71 Tenn., (3 Lea), 381, 388.

8. ADMINISTRATION OF ESTATES. SUGGESTION OF INSOLVENCY. BY ADMINISTRATOR. BY CREDITOR.

The object of the statute which provides that suits commenced against an administrator, or an executor, within six months after the date of their qualification may be abated, is not for the benefit or protection of the representatives, but is to protect the estate and prevent its being wasted and swallowed up by the unnecessary costs, by securing to the administrator the six months within which to ascertain the situation of the deceased estate and to arrange a settlement without being liable to suit and costs. The objects of the statutes would be defeated should they be so construed as to permit a creditor to report an estate as insolvent before the expiration of six months from the date of the qualification of the executor or administrator. (Post, p. 26.)

Citing: Shannon's Code, secs. 4007, 4008, and 4064; Coleman v. Raynor, 43 Tenn. (3 Cold.), 25, 28.

9. INSOLVENT ESTATES. SUGGESTIONS OF INSOLVENCY.

Whenever assets are sufficient in amount to give the Chancery Court jurisdiction, the suggestion of insolvency is generally made on the eve of the filing of the bill and merely as a preliminary form. (Post, p. 27.)

Citing: Bates v. Elrod, 81 Tenn., (13 Lea) 155, 159.

10. INSOLVENT ESTATES. EXECUTOR AND ADMINISTRATOR. CONSTRUCTION OF STATUTE.

The language of Section 4007 of Shannon's Code is twofold. It is not merely provided that suits commenced against any executor or administrator within the period of six months may be abated and dismissed, but it is affirmatively declared that they shall have six months from the date of their qualification to ascertain the

situation of the deceased's estate, and effect should be given, to all the language employed in the section.  (Post, p. 28.)

Citing: Shannon's Code, sec. 4007.

11. **INSOLVENT ESTATES.  SUGGESTION OF INSOLVENCY. DUTY OF EXECUTOR OR ADMINISTRATOR.  RIGHT OF CREDITOR.**

While no time is expressly fixed for the suggestion of insolvency by a creditor, the provision authorizing it should be construed in connection with the provisions of Section 4007 of Shannon's Code and if the fact of insolvency is ascertained by the executor or administrator within the period of six months, it is his duty to suggest the insolvency to the clerk of the county court and either he, or any creditor, may at any time thereafter file the bill for the administrator of the estate as insolvent; but if the executor or administrator does not suggest insolvency within the period of six months, any creditor may thereafter make the suggestion and file the bill.  (Post, p. 28.)

Citing: Shannon's Code, secs. 4007, 4008.

---

*Headnotes 1. Executors and Administrators, 24 C. J., section 1745; 2. ——; 3. ——; 4. Executors and Administrators, 24 C. J., section 1782; 5. Executors and Administrators, 24 C. J., section 1748; 6. Statutes, 36 Cyc., p. 1128; 7. ——.

---

### FROM FRANKLIN.

---

Appeal from the Chancery Court of Franklin County. —HON. T. L. STEWART, Chancellor.

FRANK L. LYNCH, for complainant.

RAULSTON & HAYNES, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The original bill in this cause was filed by creditors of the estate of T. N. Burks, deceased, with whom were joined legatees named in the will of T. N. Burks, against

the executor named in the will and the heirs at law, to transfer the administration of said estate from the county court to the chancery court, as an insolvent estate.

The bill averred that the assets were in excess of $1,000, and that the personal assets were wholly insufficient to pay the debts. Other necessary averments were made to invoke the jurisdiction of the chancery court under sections 4102 et seq. of Shannon's Code (all editions).

The will of T. N. Burks, which was made an exhibit to the original bill, named E. H. Burks as executor, and, after directing that all just and honest debts be paid, the will empowered the executor ''to sell either at private or public sale all of my personal property and so much of my real estate as is necessary to pay all of my just and honest debts and to pay the special bequests hereinbefore made.''

The executor was also empowered by the will ''to execute a valid and binding deed to that part of the real estate that may be sold under this provision.''

By demurrer, the defendants resisted the jurisdiction of the chancery court, on the ground that the will conferred power upon the executor to sell the real estate of the testator, and to apply the proceeds to the payment of the indebtedness and the several bequests, so that no court proceeding was necessary to a complete administration of the estate.

By a plea in abatement, first interposed, the defendants sought to abate the suit because it was instituted within six months of the date on which the executor was appointed and qualified.

The chancellor overruled the several defenses interposed, and rendered a decree transferring the adminis-

tration of the estate to the chancery court, and ordering a sale of the real estate. From this decree the appeal is now prosecuted by the defendants.

The assignments of error attack the ruling of the chancellor upon the demurrer and plea in abatement.

In support of the demurrer the defendants (appellants) assert that the chancery court is without jurisdiction to sell the lands of a decedent to satisfy his debts when there is an executor duly qualified, with power and authority under the will to sell and convey the real estate for such purpose.

Defendants refer to section 4000 of Shannon's Code (all editions), wherein such power is conferred upon the chancery court "where an executor not authorized by will to sell and convey real estate, or an administrator, has exhausted the personal estate of the deceased in the payment of his debts, leaving just debts or demands against him unpaid," etc.

(1) Whatever limitation on the jurisdiction of the chancery court may be found in section 4000 of Shannon's Code can have no effect upon the jurisdiction invoked by a bill to transfer the administration of an insolvent estate to the chancery court, under the provisions of sections 4102 et seq. of the Code. While the proceedings under the respective sections may have the same general object in view, to satisfy the debts of a decedent out of the proceeds of a sale of his real estate, the two proceedings are entirely different and distinct in their inception and general scope.

(2) In a proceeding brought under section 4000 of Shannon's Code, the administration of the estate is not removed from the county court. The bill may be filed under that section only when there has been a complete ad-

ministration of the personal estate, with unpaid debts remaining.

*(3)* In a proceeding brought under section 4102, the entire administration is removed to the chancery court, including the administration of both personal and real assets. These distinctions and differences between the proceedings authorized by these provisions of the Code, clearly appear from the historical and analytical review of the two provisions in Sizer's Pritchard, Law of Wills & Executors (2nd Ed.), sections 796, 813-824, 843, et seq.

*(4)* We find nothing in the statutory provisions authorizing the transfer of the administration of an insolvent estate to the chancery court, which would exclude from their application an administration under a will conferring power upon the executor to sell the real estate for the payment of debts. Certainly the executor of such a will could have the estate so administered, if unwilling to exercise the power conferred upon him by the will; and it would hardly be questioned that creditors would have the right to have the estate so administered, if the executor should fail or neglect to exercise his testamentary power. Indeed, it was held in *Hubbard* v. *Epps,* 68 Tenn. (9 Bax.), 235, that creditors could maintain a bill for the sale of real estate under section 4000 of the Code, if the executor, having power to sell the real estate for the payment of debts, should, for any reason, fail to execute the power.

We hold, therefore, that the chancellor was correct in his holding that the statutory authority for the transfer of the administration of an insolvent estate to the chancery court may be exercised, notwithstanding the existence of a will in which power to sell real estate

for the payment of debts and bequests is conferred upon the executor.

(5) Appellants further insist that the provisions of sections 4102 et seq. of Shannon's Code are applicable only to estates which are insolvent in fact; that is, when the debts exceed the value of both real and personal assets of the estate. The contrary has been expressly ruled by this court; and an insolvent estate, within the meaning of these provisions, has been defined to be "one of which the personal assets are not sufficient to satisfy all its debts." *Ewing* v. *Maury*, 71 Tenn. (3 Lea), 381, 388; Sizer's Pritchard, Law of Wills & Executors, sec. 826.

(6) We are of the opinion, however, that the chancellor should have sustained the plea in abatement, by which the defendants asserted that the bill for the transfer of the administration was prematurely filed.

Section 4106 of Shannon's Code (all editions), provides that the bill, seeking the transfer of administration to the chancery court "may be filed at any time after the estate is reported as insolvent to the county court; and it may be filed by the personal representative or by any creditor."

The question for determination is, therefore, whether the suggestion of the insolvency of an estate may be made by a creditor within six months from the date of the qualification of the executor or administrator?

(7) The legal import of the suggestion of insolvency is that it has been ascertained that the personal assets are not sufficient to satisfy all the debts of the estate, and, therefore, that the estate is to be divided ratably among the creditors. "From the date of suggestion, the

right of the creditors to share the estate ratably becomes fixed." *Ewing* v. *Maury,* supra.

By section 4068 of Shannon's Code (all editions), it is made the duty of an executor or administrator to make the suggestion of insolvency to the clerk of the county court, whenever he ascertains the fact of insolvency; and in the succeeding section, it is provided that any creditor of the estate may make the suggestion of insolvency, under penalty of liability for all costs arising to the estate, if the suggestion is made falsely and fraudulently.

*(8)* By section 4007 of Shannon's Code, it is provided that "executors and administrators shall have six months from the date of their qualification to ascertain the situation of the deceased's estate, and to arrange and settle it without being liable to suit and costs."

It is further provided in the same section that any suit commenced against an executor or administrator within said period of six months, by which it is sought to reach the assets of the estate, may be abated, with the exception of a suit brought by a surety of the deceased; and by section 4008, it is made the duty of the administrator or executor to plead the prematurity of any suit so instituted.

By section 4064 of Shannon's Code, executors and administrators are forbidden to pay any debts of the deceased, until after the expiration of the six months period, unless the executor or administrator knows or is willing to undertake that the estate is solvent, in which event he may pay debts at his own risk.

In *Coleman* v. *Raynor,* 43 Tenn. (3 Cold.), 25, 28, the purpose of the provision conferring upon the executor

or administrator an immunity from suit for the period of six months, was stated as follows:

"The object of the provisions in section 2274, that suit commenced against administrator, or executors, within six months after the date of their qualification, may be abated, is not for the benefit or protection of the representative, but is to protect the estate, and prevent its being wasted and swallowed up by unnecessary costs, by securing to the administrator that time, within which to ascertain the situation of the deceased's estate, and to arrange and settle it, without being liable to suit and costs."

We are of the opinion that this legislative purpose would be defeated if the several statutes above mentioned should be so construed as to permit a creditor to report an estate as insolvent before the expiration of six months from the date of the qualification of the executor or administrator.

(9) Whenever the assets are sufficient in amount to give the chancery court jurisdiction, the suggestion of insolvency "is generally made on the eve of the filing of the bill and merely as a preliminary form." *Bates* v. *Elrod,* 81 Tenn. (13 Lea), 155, 159.

In many cases it will be important that the executor or administrator have opportunity to investigate the condition of the estate, in order that he may intelligently defend such a bill. If the personal assets include choses in action, their value may not be readily ascertainable, and the administrator, as the representative of the estate, would be at a disadvantage if he is compelled to defend a bill for the administration of the estate as insolvent, before he has time within which to make the necessary investigation and inquiry.

*(10)* The language of section 4007 of Shannon's Code is twofold. It is not merely provided that suits commenced against an executor or administrator within the period of six months may be abated and dismissed, but it is affirmatively declared that "executors and administrators shall have six months from the date of their qualification to ascertain the situation of the deceased's estate." Effect should be given to all the language employed in the statute.

*(11)* While no time is expressly fixed for the suggestion of insolvency by a creditor, the provision authorizing it should be construed in connection with the provisions of section 4007 of Shannon's Code; both being included as parts of the law regulating the administration of estates.

So construed, the legislative purpose and requirement seems to us to be that the executor or administrator of an estate shall have six months within which to ascertain the solvency of the estate. If the fact of insolvency is ascertained by the executor or administrator within such period of six months, it is his duty to suggest the insolvency to the clerk of the county court, and either he or any creditor may at any time thereafter file the bill for the administration of the estate as insolvent. If the executor or administrator does not suggest insolvency within the period of six months, any creditor may thereafter make the suggestion and file the bill.

The bill filed in the present cause discloses that the suggestion of insolvency had been made by creditors within the six months' period, and the bill was filed within such period.

The decree of the chancellor will accordingly be reversed, and a decree will be entered here sustaining the plea and dismissing the suit, at the complainants' cost.