E. G. FLOWERS *v.* JOHN CHERRY *et al.*\*

(*Jackson.*   April Term, 1928.)

Opinion filed July 16, 1928.

1. COURTS. ORIGINAL JURISDICTION. CONCURRENT JURIS-
DICTION. APPEALS.

Under our law appeals lie from the County Court to the Circuit
Court in cases where the County Court has exclusive jurisdiction,
but in all cases where the jurisdiction is concurrent the appeal lies
directly from the County Court to the Supreme Court. (Post,
p. 360.)

Citing: Shannon's Code, secs. 1634, 4879, 4880.

2. COURTS.   ORIGINAL JURISDICTION.   CONCURRENT JU-
RISDICTION.   APPEALS.   ESTABLISHING ROADS.

If since the filing of a petition in the County Court to establish a
public road under the provisions of an Act giving said Court
exclusive jurisdiction, and before rendition of judgment, an Act
was passed giving the County, Circuit and Chancery Courts con-
current jurisdiction in such matters the appeal from the judgment
of the County Court would be to the Supreme Court, and if an
appeal should be taken to the Circuit Court it should be dismissed
on motion.   (Post, p. 361.)

---

\*Headnote 1. Courts, 15 C. J., section 578; 2. ————.

---

FROM BENTON.

---

Appeal from the Circuit Court of Benton County.—
HON. R. A. ELKINS, Judge.

PEELER & PEELER and C. N. FRAZIER, for plaintiff in
error.

J. C. R. McCALL and J. F. ODLE, for defendant in error.

MR. JUSTICE SIZER, Special Judge, delivered the opinion of the Court.

(1)  In this case petition for a private road was filed August 15, 1917, under the provisions of Section 1634 of Shannon's Code. The County Court entertained the petition and appointed a jury who made a report setting out the road as located by them and fixing damages to the land owners affected. The report was confirmed by an order of the County Court May 18, 1925, and the defendants appealed from the judgment of the County Court to the Circuit Court. In that Court the petitioner moved to dismiss the appeal on the ground that the Circuit Court had no jurisdiction to entertain it. This motion was sustained and the appeal was dismissed. Thereupon after motion for new trial had been made and overruled the defendants have appealed to this Court. The sole question presented by the appeal is whether the Circuit Court was correct in holding that it had no jurisdiction to hear the case on the appeal from the County Court.

Under Shannon's Code, Section 1634, the County Court had exclusive jurisdiction of proceedings to open and condemn a private road. While this case was pending, however, the legislature by Chapter 75, Acts of 1921, passed a new Act very similar in its terms and provisions to the provisions of Section 1634; but under this new Act the County Court, the Circuit Court and the Chancery Court are all given concurrent jurisdiction of proceedings of this character.

By Shannon's Code, Section 4879, it is provided that any person dissatisfied with the judgment or decree of the County Court may appeal to the Circuit Court of the County unless otherwise provided; and by the next section (4480) it is provided that in all cases in which the jurisdiction of the County Court is concurrent with that of the Circuit or Chancery Courts or in which both parties consent the appeal lies direct to the Supreme Court.

(2) At the time of the rendition of the final judgment of the County Court in this case the County Court, the Circuit Court and the Chancery Court all had concurrent jurisdiction of proceedings of this character; and under the section last above cited it would seem that the appeal in this case from the judgment of the County Court should have been taken direct to the Supreme Court. It is true this case was pending when the Act of 1921 above referred to was passed and that Act repeals all laws and parts of laws in conflict with its provisions. We do not think, however, the passage of that Act would nullify proceedings then pending which had been lawfully constituted or would operate to prevent petitioner from prosecuting those proceedings to final judgment. In fact under the Act of 1921 the County Court, in which the proceedings were brought, had jurisdiction thereof and there was nothing in the proceedings in any way inconsistent with the provisions of the Act of 1921. The only substantial difference between the Act of 1921 and Section 1634, which was the law on the subject at the time the petition was filed, is that as stated the County Court had exclusive jurisdiction of proceedings at the time the petition was filed, whereas at the time the judgment of the County Court was rendered jurisdiction of such pro-

ceedings was concurrent in the three Courts referred to. It would seem to be an illogical proceeding for an appeal to be taken from one Court to another Court having concurrent jurisdiction of the same proceeding and it was for this reason no doubt that the legislature provided that an appeal from the judgment of the County Court in cases in which the jurisdiction of that Court was concurrent with the Circuit Court and Chancery Court should go direct to the Supreme Court.

We are of the opinion therefore that the Circuit Judge was correct in holding that that Court had no jurisdiction of the appeal and his judgment is affirmed.