F. K. LEVY, ADMR., ETC., COMPLAINANT, APPELLEE, *v.*
THERESA W. BLOCK, *et al.*, DEFENDANTS, APPELLANTS.

(*Nashville*, December Term, 1931.)

Opinion filed February 13, 1932.

Auvergne Williams, Sivley, Evans & McCadden and John B. Snowden, II, for complainant, appellee.

W. B. Rosenfield, for defendants, appellants.

Mr. Justice Swiggart delivered the opinion of the Court.

I. D. Block died on March 5, 1931. The complainant, F. K. Levy, was appointed and qualified as administrator of his estate, with the will annexed, on March 10, 1931. The insolvency of the estate was suggested by the administrator on April 1, 1931, and on the same day he filed this suit in the chancery court for the administration of the estate, as authorized by section 4102 *et seq.* of Shannon's Code (Code of 1932, sections 8298 *et seq.*).

The appellants herein are creditors of the estate whose debts are secured by deeds of trust on real estate. These creditors and the trustees named in the deeds of trust filed intervening petitions in the administrator's suit, asking to be permitted to execute the power of sale contained in each of the deeds of trust. The chancellor, on August 20 and 26, 1931, entered orders refusing such permission, on the ground that foreclosure should not be permitted until the expiration of six months from the date of the administrator's qualification. From these orders appeals have been prosecuted to this court.

The reason assigned by the chancellor for denying the petitions was not sufficient. The orders of August 20 and 26 appealed from will accordingly be reversed, and the causes remanded for further action on said petitions.

Section 4007 of Shannon's Code (Code of 1932, section 8220) provides "that executors and administrators shall have six months from the date of their qualification to ascertain the situation of the deceased's estate, and to arrange and settle it without being liable to suit and costs." We construed and gave effect to this statute most recently in *Arnold* v. *Burks,* 157 Tenn., 18, 5 S. W. (2d), 633.

When the administrator has himself suggested the insolvency of the estate, and has instituted suit for the administration of the estate in the chancery court, he thereby invites immediate action by creditors, and they are not required to wait until the expiration of the six-months period before filing their intervening petitions in the action so commenced. The administrator has waived the protection of the unexpired portion of the statutory moratorium, announcing by his suggestion of insolvency and the filing of his bill that he cannot administer the estate without the aid of the court, and therefore must submit to suit and liability for costs. This section of the Code cannot require or support mere delay in granting a right to which a creditor is entitled, when the relief is sought in an action commenced by the administrator himself.

█ While the appeals hereinabove considered were pending in this court, and after the expiration of the six-months period, the chancellor entered an order granting to another secured creditor, and his trustee, permission to foreclose and execute the power of sale contained in a deed of trust. From this order the administrator has appealed, and insists that the chancellor was without power to enter the order until and unless the clerk and master had first reported that the personal assets of the estate

would be insufficient to pay the debts of the estate, as provided in section 4128 of Shannon's Code (Code of 1932, section 8324).

The Code section cited controls the power of the chancellor to decree the sale of real estate to pay the debts of the estate, but it has no application whatever to a decree, not directing, but merely permitting a trustee to execute a power of sale conferred upon him by deed of the decedent in his lifetime. The assignments of the administrator are accordingly overruled and the decree of the chancellor of October 5, 1931, affirmed.

The costs of each of the appeals will be paid by the administrator, for which he will be entitled to credit in his settlement as such administrator.