BRADFORD *v.* GRAVES.

(*Nashville,* December Term, 1933.)

Opinion filed January 13, 1934.

C. B. NANCE and J. E. MADDEN, both of Memphis, for appellant.

LUTHER H. GRAVES, of Memphis, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The chancellor sustained a plea in abatement filed by the administrator of the estate of John Bradford to a bill brought by an alleged widow to recover as the "sole distributee of the estate" of said Bradford the funds in the hands of the administrator, received by him as damages for the wrongful death of the said Bradford. The ground of the plea was the prematurity of the suit, which was brought within six months of the appointment of the administrator. Section 8220 of the Code was relied on and given effect. This section expressly provides that "Administrators shall have six months from the date of their qualification to ascertain the situation of the deceased's estate, and to arrange and settle it without being liable to suit and costs."

Appealing, the complainant below insists that, since she is the sole distributee, and the fund so recovered is exempt from all claims for debts, and therefore must all go to her, the statute does not apply. It is said that language in the opinion of this court in *Whitson, Adm'r, v. T. C. Ry. Co.,* 163 Tenn., 35, 36, 40 S. W. (2d), 396, 398, recognizes, if not announces, this exception to the broad and general terms of the statute.

The language in the opinion relied on is: "In a suit brought by an administrator under section 4025 of Shannon's Code (Code 1932, section 8236), neither the administrator nor the estate of the deceased has any pecuniary interest. A recovery does not enrich the estate, but passes immediately to the statutory beneficiaries of the suit, free from all claims of creditors of the estate," etc.

The six months' limitation on suits against an administrator was in no way involved, or considered, in that case. As may be seen from the context, the language

quoted was used incidentally in stating the familiar rule applying to recoveries in suits for wrongful death that such funds do not go to the general estate of the deceased, but to the widow and child or children. The words, "passes immediately to the statutory beneficiaries," were used merely to make emphatic the distinction between such funds and those which go to beneficiaries of a parent through and in distribution of an estate.

The six months' limitation against suits is not to afford time to the administrator to adjust claims of creditors only, but "to ascertain the situation of the deceased's estate" generally. It is important that time be afforded to determine conflicting claims of beneficiaries. The case before us is an illustration of the necessity for time. Three women are all claiming to be the legal widow. How many and what children is to be arrived at. This court has recognized that the object of this limitation, while not for the benefit or protection of the administrator, "is to protect the estate, and prevent its being wasted and swallowed up by unnecessary costs, by securing to the administrator that time, within which to ascertain the situation," etc. *Coleman* v. *Raynor,* 43 Tenn. (3 Cold.), 25; *Arnold* v. *Burks,* 157 Tenn., 26, 5 S. W. (2d), 633.

In Sizer's Pritchard on Wills, section 733, it is said: "The prohibition of the statute prevents any suit against the personal representative, whatever its form, to establish any demand against the estate or to reach the assets in his hands for administration." The decree of the chancellor is affirmed.