Motlow Milling Co. *v.* Warterfield.

(*Jackson,* April Term, 1942.)

Opinion filed May 29, 1942.

PIGFORD & KEY, of Jackson, for plaintiff in error.

JOSEPH L. FRY and ROBERT D. FRY, both of Union City, and BELL & HIBBITTS, of Nashville, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The first question here presented for determination is whether sections 8264, 8265 and 8266 of the Code, providing for the suggestion of insolvency of insolvent estates in the county court, are repealed by section 8, Chapter 175, Public Acts 1939.

W. M. Warterfield died in Obion County, Tennessee, in February, 1941, and on March 3, 1941, his last will and testament was admitted to probate in the county court of Obion County and letters testamentary were issued to Charles W. Warterfield, the executor named therein.

The executor filed an inventory in the cause showing that the gross personal assets belonging to the estate was $1,066.60. The Motlow Milling Company, appellant here, filed its claim in the cause in the principal sum of $53,-

145.58, represented by a certified copy of a judgment of the Chancery Court of Obion County, with interest from April 7, 1939.

More than six months after the grant of letters testamentary, the Motlow Milling Company tendered to the clerk of the county court a suggestion, in writing, of the insolvency of said estate, with the request that it be filed in said proceedings and that publication be made for creditors to file claims. The clerk refused to file the suggestion of insolvency or take any action thereunder, his insistence being that such suggestion was unnecessary under the provisions of section 8, Chapter 175, Public Acts 1939. From the action of the clerk in refusing to file the suggestion of insolvency the Motlow Milling Company applied to the County Judge of Obion County, who sustained the action of the clerk. From this action of the County Judge, the Motlow Milling Company applied to the Circuit Court of Obion County, with the result that on the hearing the Circuit Judge rendered judgment affirming the action of the County Court Clerk and the County Judge in refusing to permit the filing of the suggestion of insolvency. From this judgment, the Motlow Milling Company has appealed to this court and assigned errors.

(1) By section 8264 of the Code, it is made the duty of an executor or administrator to make a written suggestion of insolvency of the estate to the clerk of the county court whenever he ascertains the fact of insolvency; and in the next succeeding section it is provided that any creditors of the deceased may make the suggestion of insolvency, under penalty of liability for all costs arising to the estate if the suggestion is made falsely and fraudulently. By section 8266 it is made the duty of the clerk of the county court upon suggestion of insolvency to make an order upon the execution or administration to

publish notice for all creditors having claims against the estate to appear and file the same, etc. By section 8268 the suggestion of insolvency and advertisement thereof shall operate as an injunction against the bringing of any suit against the executor or administrator of such insolvent estate.

Code 8298 is as follows:

"When estate may be administered in chancery.— When the value of the estate, including both the real and personal property, amounts to one thousand dollars, the estate may be administered in the chancery court of the county wherein the will was proved, or letters of administration granted, or where the representatives reside."

Code 8302 is as follows:

"When and by whom bill filed; suggestion of insolvency.—The bill may be filed at any time after the estate is reported as insolvent to the county court; and it may be filed by the personal representative or by any creditor."

■ In *Arnold* v. *Burks*, 157 Tenn., 18, 25, 5 S. W. (2d), 633, 635, it was said: "The legal import of the suggestion of insolvency is that it has been ascertained that the personal assets are not sufficient to satisfy all the debts of the estate, and, therefore, that the estate is to be divided ratably among the creditors. 'From the date of suggestion, the right of the creditors to share the estate ratably becomes fixed.' *Ewing* v. *Maury, supra* [71 Tenn. (3 Lea), 381]."

■ A bill seeking to administer an insolvent estate in chancery will not lie until after the suggestion of insolvency in the county court. Code, sec. 8302; *Campbell* v. *Bryant*, 2 Shan. Cas., 146; Gibson's Suits in Chancery, section 997.

Section 8, Chapter 175, Public Acts 1939, is as follows:

"Be it further enacted, If the personal property available therefor appears to be insufficient to pay debts and expenses, the personal representative, or creditor whose claim is duly filed, may, at any time, file a petition in the court in which the estate is being administered, for the sale of the decedent's land, or so much thereof as may be necessary, regardless of the county in which the land lies, provided any part of the decedent's lands lie within the county where the estate is being administered. The surviving spouse, heirs, devises, encumbrancers and others interested in the realty shall be impleaded. No preliminary formal suggestion of insolvency need be made, nor advertisement for creditors other than that already made under the requirements of Section One (1) of this Act. Nothing in said proceeding nor in any decree made therein, shall change the manner or affect the time for filing claims as provided in said Section 1. Hearings may be upon oral testimony. The Court shall have the same powers as a court of Chancery in like cases, and the mode of procedure, except as herein modified, shall follow that prescribed for the conduct of such causes in Chancery. If, upon the hearing the Court be satisfied that the personal estate is insufficient as aforesaid, and that the land ought to be sold, it may decree the sale of said land in whole or in part, subject to subsequent confirmation by the court. The court is also empowered in a like proceeding, to ratify contracts of private sale and to authorize the consummation of the same by the personal representative. Every deed made pursuant to such orders of court, whether issued as the result of a public or a private sale, and every decree of court divesting and vesting title shall be effective to divest all the rights, title and interest, legal and equitable, in the property sold, and vest the same in the purchaser. The heir or devisee whose land

shall be sold, has the privilege, either in such cause or by subsequent application, to compel all others holding or claiming under such decedent to contribute in proportion to their respective interests for the purpose of equalizing the burden of the loss.

"Nothing herein above shall be construed as divesting the jurisdiction or powers now possessed by the Chancery court in respect of the administration of insolvent estates of decedents."

We think that the above section has exclusive application to the administration of insolvent estates in the county court. By its very terms nothing therein shall be construed as divesting the jurisdiction or powers possessed by the chancery court in respect of the administration of insolvent estates of decedents. Inasmuch as the suggestion of insolvency in the county court is an essential prerequisite to the filing of a bill to administer the insolvent estate in chancery, it follows that Code sections 8264, 8265 and 8266 are not repealed by implication, or otherwise, by Chapter 175, Public Acts 1939. It is stated in the brief of counsel for appellant that the suggestion of insolvency tendered the clerk of the county court, which he refused to file, was pertaining to a removal of the administration of the insolvent estate to the chancery court, the estate exceeding $1,000. This it has the right to do.

It is insisted by the executor that the Motlow Milling Company should have appealed directly to this court from the action of the clerk of the county court in refusing to file the suggestion of insolvency and that the circuit court of Obion County was without jurisdiction in the premises. Code, sec. 9028, provides that any party dissatisfied with a judgment or decree of the county court may pray an appeal to the circuit court of the

county, unless it is otherwise expressly provided. Code, sec. 9029, is as follows:

"To appellate court.—In all cases in which the jurisdiction of the county court is concurrent with the circuit or chancery courts, or in which both parties consent, the appeal lies direct to the court of appeals or supreme court, as the case may be."

██ ██ The county court has exclusive jurisdiction to entertain a suggestion of insolvency. Code, secs. 8264, 8265. Hence its jurisdiction over such suggestion is not concurrent with the circuit or chancery courts. This being the case, the appeal by the Motlow Milling Company from the action of the clerk of the county court in refusing to file the suggestion of insolvency was properly taken to the circuit court, it not appearing that both parties consented to an appeal to this court. On this question, Special Justice SIZER said in the case of *Flowers* v. *Cherry*, 157 Tenn., 359, at page 362, 8 S. W. (2d), 483:

"It would seem to be an illogical proceeding for an appeal to be taken from one court to another court having concurrent jurisdiction of the same proceeding and it was for this reason, no doubt, that the Legislature provided that an appeal from the judgment of the county court in cases in which the jurisdiction of that court was concurrent with the Circuit Court and chancery court should go direct to the supreme court."

Under Code, sec. 9059, an appeal in the nature of a writ of error lies from the judgment or decree of the county court in equity causes, in all cases tried according to the forms of chancery. Under the following section, Code, sec. 9060, it is provided that in all other cases determined in the county court an appeal in the nature of a writ of error may be taken to the circuit court, or, both parties consenting, to the proper appellate court.

In *Key* v. *Harris*, 116 Tenn., 161, 169, 92 S. W., 235, 236, 8 Ann. Cas., 200, the court said:

"It is perceived that the general rule is that appeals from the county court lie to the circuit court. Section 4879. But this rule is subject to exceptions under which an appeal lies directly to this court. One of these exceptions is when the jursidiction of the county court is concurrent with the circuit or chancery courts; another, when both parties consent (section 4880) ; another is when the county court proceeds in an equity cause 'according to the forms of chancery' (section 4907)."

The Code sections mentioned in the above quotation from *Key* v. *Harris* are now sections 9028, 9029 and 9059 of the Code of 1932.

Counsel for appellee relies on the case of *Commerce Union Bank* v. *Gillespie*, 178 Tenn., 179, 156 S. W. (2d), 425, wherein it was held that where the petition to sell lands of the insolvent estate of a decedent to pay debts, under section 8, Chapter 175, Acts 1939, and hearings thereon are had on oral testimony, in case of an appeal, such appeal will lie direct to the Court of Appeals or Supreme Court, as the case may be. This is true because under section 8 of the Act the mode of procedure in the county court shall follow the mode of procedure prescribed for the conduct of such causes in chancery, except as therein modified. This being true, under Code, section 9059, the appeal would be to the proper appellate court. However, the instant case does not fall within section 8 of the above mentioned Act. On the contrary, the suggestion of insolvency tendered the clerk was preliminary to the transfer of the cause to the chancery court for administration as an insolvent estate.

Our conclusion is that the clerk of the county court was obligated to receive and file the suggestion of insol-

vency tendered him by the Motlow Milling Company; that the circuit court of Obion County had jurisdiction to entertain the appeal of the Motlow Milling Company in the case.

The judgment of the circuit court is reversed and the cause remanded to the county court of Obion County for further proceeding consistent with this decision. The costs incident to this appeal, and the costs incurred in the circuit court, will be paid by the executor out of the funds of the estate in his hands.