BILL CROOK et al., Appellants,

*v.*

JOHNNIE SPURLIN CROOK et al., Appellees.

(*Náshville,* December Term, 1960.)

Opinion filed April 5, 1961.

LOUIS CHAMBERS, Lebanon, for appellants.

ROBERT L. FORRESTER, Watertown, for appellees.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Charlie Crook, a widower, died intestate in Wilson County, Tennessee, May 10, 1960. He was survived by six children as his only heirs at law, two of whom are the complainants-appellants herein and the others are among the defendants.

June 13, 1960, Bill Crook and his sister, Mrs. Pauline Crook Gannon, filed an original bill against the other heirs at law and tenants in common for partition of a tract of land containing 188 acres, averring that the same was not susceptible to partition and praying for a sale of

same. Thereafter and before any pleadings had been filed by defendants, an amended bill was filed on August 27, 1960, averring that complainants had discovered there was an outstanding deed of trust against said land and that an administrator of their father's estate had been appointed subsequent to the filing of the original bill. Accordingly the trustee in the deed of trust and the beneficiary and holder of the secured debt were made parties and John S. Crook, one of the heirs at law who was already a party defendant in his individual capacity, was made a party as administrator. It was further averred that the only claims filed against the estate were the newspaper notice to creditors in the amount of $5 and the funeral bill of $929.68, but it was not known what other outstanding debts there might be against said estate. The only relief prayed for was that the land be sold for partition, that the costs, expenses and fees and the lien debt be paid out of the proceeds and the balance, divided among the tenants in common, each owning equal shares. No relief was sought against the personal representative.

To this bill as amended the administrator filed a plea in abatement and the defendant tenants in common filed a demurrer, the common ground of both of which is in substance that the administrator was appointed on June 13, 1960, after the filing of the original bill and that the original and amended bills were brought within six months from his qualification.

The Chancellor sustained both the plea in abatement and the demurrer. He was of opinion that the heirs did not have a right to a partition of the real estate until the condition of the personal estate has been determined. He further held that the amended and supplemental bill is in reality a bill to sell real estate to pay debts.

We think this was an erroneous conception. We conceive of no reason why counsel for complainants chose to make the administrator a party to this lawsuit, because no relief whatever is sought against him and no effort is made to obtain any judgment against the estate or the assets in his hands. T.C.A. sec. 30-1001, which originated with Ch. 175, Acts of 1939; 30-1002, which originated with Ch. 23, Acts of 1831, require a personal representative to plead in abatement the prematurity of any action filed within six months of the issuance of letters, or, in default thereof, holds him liable for a *devastavit,* if the estate proves insolvent, and 30-1003 as well as the discussion in Phillips' Pritchard on Wills, Secs. 730-733, inclusive, all conclusively demonstrate that it must be a demand made against the estate in the hands of the personal representative. The second paragraph of said Sec. 733 states:

"The prohibition of the statute prevents any suit against the personal representative, whatever its form, to establish any demand against the estate or to reach the assets in his hands for administration. (Citing *Bradford v. Graves,* 167 Tenn. 125, 67 S.W. 2d 138)."

Further quoting:

"But a proceeding for the appointment of a successor to a trustee in a deed of trust who died intestate with trust funds in his hands, is not a suit to reach the assets of the decedent's estate, and may be maintained within six months after the qualification of his administrator. (Citing *Mask v. Miller,* 66 Tenn. 527)."

Now, it is fundamental, as stated in Phillips' Pritchard on Wills, Sec. 31, p. 31, that "as a rule, neither (an executor or administrator) has control of, or can

assume the management of, anything but personal estate, and neither can dispose of real estate, even for the payment of debts, unless that power is conferred by the will, without instituting legal proceedings and obtaining a decree of a court of competent jurisdiction for that purpose." Idem, Sec. 605, the second paragraph.

■ We think there has never been any reasonable basis for doubt that the heir may alien the land before there is any process sued out by the personal representative to subject it to the payment of debts. T.C.A. sec. 30-610 as it formerly read in the present code and as originally derived from Ch. 39, Acts of 1789, provided as follows:

*"Heir liable for value of lands where aliened.*—If an heir or devisee alien the land before action brought or process sued out, he shall be answerable to any creditor of decedent for the ancestor's debts to the value of the lands aliened."

That section of the code was amended by Ch. 118, Acts of 1957 in several respects but the one pertinent here is Sec. (2) which provides:

"Within one (1) year from the death of any person a mortgagee or purchaser for value from the heir or devisee of such decedent shall take subject to the right of any creditor of decedent whose debt is otherwise unsatisfied to subject the realty to the payment of such debts, as in this title provided. If administration shall have been granted on the estate of such decedent during said period of one (1) year, the rights of creditors whose claims shall ultimately be established in such administration as valid obligations of the estate shall constitute liens on the realty of said decedent, which

realty may be subjected to such liens in the hands of the heir or his alienees as in this title provided.''

Thus it will be seen that this amendment gives creditors the further protection under those circumstances of making the debt a lien on the realty of the decedent and not merely a claim against the heir for the value of the land. In the recent case of *Doughty v. Hammond,* 207 Tenn. 545, 341 S.W.2d 713, we dealt with a partition suit filed three days after the death of the owner of the land and, while the present question was not raised, we had occasion to cite *Barksdale v. Keisling,* 13 Tenn.App. 699, which distinguishes a sale in *invito* and a partition sale; such a sale though made by the clerk and master is deemed to have been a sale by and a purchase from the heirs themselves. Thus the heirs in this case are brought within the terms of T.C.A. sec. 30-610 as amended.

■ Accordingly, we are of opinion that this was not a sale of land to pay debts but was an ordinary partition proceeding, that the personal representative was an unnecessary party and for that reason the bill should be dismissed as to him alone, but the demurrer filed by the four tenants in common should be overruled on all grounds, not necessary here to state in detail, and the cause be remanded for further proceedings.

Decree accordingly.

All concur.