FIRST SOUTHERN TRUST COMPANY, Administrator, C.T.A., David E. Caywood, Louis R. Lucas, and Estate of John Ford Canale, Deceased, Complainants-Appellants,

v.

Estate of Howard Davis SOWELL, Deceased, Defendant-Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

July 26, 1984.

Application for Permission to Appeal Denied by Supreme Court October 29, 1984.

Louis R. Lucas and David E. Caywood, Memphis, for complainants-appellants.

Carl R. Olsen, Memphis, for defendant-appellee.

NEARN, Presiding Judge, Western Section.

This is an appeal by First Southern Trust, former Administrator, C.T.A. of the estate of Howard Davis Sowell and its attorneys from an order of the Probate Court of Shelby County fixing the amount of fees due the former Administrator and attorneys in the handling of the estate during their stewardship.

Howard Davis Sowell died testate on April 12, 1981, and the appellant First Southern Trust was appointed Administrator, C.T.A. on May 5, 1981. The estate was extensive and included several businesses and real estate holdings. Its administration has proven to be somewhat complicated. The beneficiaries of the estate became dissatisfied with the manner in which the estate was being administered, which dis-

satisfaction ultimately resulted in the appointment of other administrators, namely, Carl D. Olsen and Fred Vaccuro. Subsequent to the appointment of the new administrators, the former Administrator and attorneys petitioned the Court for the allowance of fees for services rendered. The beneficiaries, the new administrators and the former administrator and attorneys, David E. Caywood, Louis R. Lucas and John Ford Canale (now deceased) could not agree as to the amount of the fee that should be awarded and in fact there was a wide disparity between the views of the parties as to the value of the services rendered. In order to keep acrimony at a minimum and to avoid a protracted hearing at the trial level, the parties entered into a stipulation and agreement. That stipulation provided:

> The fee to be paid to the former Administrator C.T.A. will be 3.48 percent (3.48%) of a base sum to be decided by the Court and the fee to be paid to the former attorney's for the Estate will be an additional 2.52% percent (2.52%) of the same base sum.

> The parties agree that there is a dispute as to what base sum should be the basis for calculating the fees which shall be submitted to this Court for its determination, but the percentages set forth above shall be applied to the base sum established as proper by this Court.

Based upon the foregoing stipulation the Trial Judge determined the base sum to be $5,007,941.19 and accordingly ordered and fixed the former administrator's fee at 3.48% of that sum or $174,276.35 and awarded attorney fees at 2.52% of that sum or $126,200.12. The Trial Judge arrived at his base sum figure of $5,007,941.19 by adding together the value of all personal property in the estate, the net proceeds from the sale of real estate and income from the estate that came into the estate during the former administrator's term as such.

■ The former administrator and attorneys have propounded four issues on appeal. The issues as propounded are both prolix and redundant. Simply put, the appellants insist that the Trial Judge erred in failing to include in the "base sum" the gross value of all real estate of the deceased, whether sold or unsold by the administrator. We hold he did not.

■ The greater part of appellant's brief is consumed by details of all the work allegedly done by the Administrator in guiding, preserving and handling of the estate. As we view this matter, such details have some, but not much, application to this case on appeal. The parties did not stipulate that the Administrator and attorneys would be compensated on a quantum meruit basis. On the contrary, they stipulated that compensation would be made by an agreed mathematical formula based upon a base sum valuation of the estate and not on the value of services rendered. Such stipulations are binding and may not be altered on appeal. See *Bearman v. Camatsos*, (1964) 215 Tenn. 231, 385 S.W.2d 91.

■ Unless an estate is declared insolvent, real estate is not subject to administration by the estate's representatives, but title passes by operation of law to the devisees or heirs upon the death of the owner. See H. Phillips & J. Robinson, *Pritchard on Wills*, § 614 (1983); *Crook v. Crook*, (1961) 208 Tenn. 262, 345 S.W.2d 679. Of course, by will a deceased may authorize the Executor to dispose of real property in the estate. See *Pritchard on Wills, supra*, § 614. The Sowell will did authorize the Executor to dispose of real property. In order to keep the estate in a financially fluid condition, with agreement of all parties, numerous parcels of land were sold by the Administrator and the funds therefrom were handled by the Administrator. Accordingly, under the circumstances of this case, we find no error nor abuse of discretion in the action of the Trial Judge in including the value of property sold in the base sum, but excluding therefrom, the unsold property. See *Estate of Griffith v. Griffith*, (1969 M.S.) 61 Tenn.App. 72, 452 S.W.2d 895. However, approximately $275,000.00 from the gross

received from those sales was used to pay real estate commissions and attorney fees to attorneys other than appellants for services rendered in closing the sales. Appellants insist that these sums ought be included in the base sum. Neither the real estate commissions nor the attorney fees actually come into the hands of the Administrator. They were deducted from the proceeds of the sale by the closing attorney and distributed by him. We see no abuse of discretion in the Trial Judge's failure to include in the "base sum" funds that were handled by other than the Administrator and its attorneys.

The result is that the judgment below is in all things affirmed with costs of appeal adjudged against the appellants.

Done at Jackson in the two hundred and ninth year of our Independence and in the one hundred and eighty-ninth year of our Statehood.

HIGHERS, J., and McLEMORE, Special Judge, concur.