Leon **REECE** and wife, Beverly Reece, Plaintiffs-Appellants,

v.

**HOMESTEAD REALTY, INC., Ed Morris, Joe A. Sneed and Safeco Ins. Co. of America, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section.

Nov. 12, 1981.

Permission to Appeal Denied by Supreme Court Jan. 25, 1982.

James L. Bass, Carthage, for plaintiffs-appellants.

J. Michael Franks and Mark Patterson, Nashville, for Safeco Ins. Co. of America.

Aron P. Thompson, Cookeville, for Homestead Realty, Inc.

Robert Corlew, III, Murfreesboro, for Ed Morris.

## OPINION

TODD, Presiding Judge, Middle Section.

The plaintiffs Leon and Beverly Reece sued the defendants, Homestead Realty, Inc., Joe Sneed and Ed Morris for damages for breach of a brokerage contract by failing to complete or consummate the sale of plaintiff's realty as agreed. Safeco Insurance Company of America was sued as surety on the broker's bonds of Homestead and Sneed. The Chancellor dismissed the suit, and plaintiffs have appealed.

Appellants present the following questions on appeal:

1. Were the defendants' real estate agents (Morris and Sneed) and their company (Homestead Realty, Inc.) entitled to collect sales commissions on properties which were purchased by them either at the auction or after the auction.

2. Did the defendants discharge their obligations to the plaintiffs under the contract that they had between themselves.

3. In the event of damages, if any, did the plaintiffs have a duty to mitigate their damages by going ahead and closing the sale and either paying the real estate commission that was in dispute or escrowing the money for that commission.

4. If the defendants, Morris, Sneed and Homestead Realty, Inc., are liable to plaintiffs in damages do the two bonds executed by Safeco Insurance Co. cover the damages of the plaintiffs.

Material facts are as follows:

Prior to May 30, 1978, plaintiffs signed a contract with Homestead Realty & Auction, Inc., authorizing the sale of a farm for $164,000.00. When the farm did not sell for the price named, on May 30, 1978, plaintiffs and Homestead executed an agreement whereby Homestead agreed to have the farm divided by survey into twelve smaller tracts and to hold an auction of the tracts. The auction was held on July 8, 1978, with the result that offers for the tracts totaled $135,050.00.

Since the total of bids offered at the auction was less than the amount of the existing mortgage indebtedness on the farm, it was impossible to deliver unencumbered title to any of the purchasers. The closing of the sales was therefore delayed. Defendants Sneed and Morris orally offered to buy three of the tracts at a price that would increase the total sales price to an amount which would satisfy the mortgage debt, and deeds were executed by plaintiffs accordingly. However, a dispute arose between plaintiffs and defendants about the sales commission to be paid. Defendants insisted that Homestead should receive commission on all sales including the sale of three tracts to Sneed and Morris. Plaintiffs refused to agree that Homestead have commission on the sale to Sneed and Morris.

Because of this dispute, the sales of the various tracts were never completed, and the farm was sold at foreclosure sale for $89,290.00, leaving a substantial deficiency due upon the mortgage debt.

Appellants first insist, correctly, that a real estate broker owes undivided fidelity and faithfulness to his principal and may not prejudice the interests of his principal to favor himself or others.

Ordinarily, a broker may not enforce a claim to commission upon a sale to himself. However, this rule is inapplicable to the present situation because the best efforts of Homestead, the contracting realtor, did not produce sales that could be complet-

ed for the reason above-stated (inability to convey unencumbered title because of insufficient sale price to satisfy mortgage.)

No amount of fidelity or faithfulness on the part of Homestead could have completed a sale of real estate as to which the sellers were unable to convey good title.

 When it became impossible to complete the sales made at the auction, Sneed and Morris, who were interested in Homestead, undertook to "salvage the deal" by offering to buy part of the real estate. If Sneed and Morris had entered into a written, enforceable contract to buy particular tracts, then they might be compelled to comply without receiving commission on the sale to themselves; but this is not shown to be the case. The record shows only an informal oral offer by Sneed and Morris. Even if accepted, it was at all times and still is unenforceable under the statute of frauds. At all times pertinent to this suit, Sneed and Morris remained free to buy or not to buy and/or to specify whatever terms or conditions they might desire as a prerequisite to their purchase. They did specify such a prerequisite, the payment to Homestead of broker's commission on the sale. This condition was unacceptable to plaintiffs. Therefore, no sale took place between plaintiffs and Sneed and Morris. To force the defendants to purchase plaintiffs' land or pay damages for failing to do so would be to enforce an unenforceable, informal, unaccepted oral offer to buy real estate.

Plaintiffs are asking damages for failure to consummate sales, the first of which (auction) was impossible and the second of which (oral offer to buy) was unenforceable because not in writing and the terms were never agreed upon.

Appellants argue that defendants violated their fiduciary duty to plaintiffs by failing to disclose the claim for commission when they made the oral offer to buy the three tracts. This Court does not agree. Had a valid and enforceable sales contract been made without the disclosure of the commission claim, this argument might have force, but such did not occur.

Plaintiffs next insist that defendants failed to perform the brokerage contract. For the reasons already stated, the brokerage contract could not be performed because of the encumbrance, hence the contract was not breached by defendants.

Plaintiffs next insist that they were not guilty of failing to mitigate their damages. It could be said that plaintiffs would have avoided most of their loss by consenting to the proposed sale to defendants and agreeing to commission thereon. However, mitigation of damages does not become material until damages have been assessed. The Chancellor found no liability on the part of defendants, and this Court agrees. There is, therefore, no reason to consider duty of plaintiffs to mitigate damages.

Since defendants are not liable, there can be no liability on the part of the surety, Safeco.

The decree of the Chancellor is affirmed. All costs, including costs of this appeal, are taxed against plaintiffs. The cause is remanded for collection of costs and such other proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.