James A. **HUGHEY** and wife, Sandra Hughey, Plaintiffs-Appellees,

v.

**RAINWATER PARTNERS, et al.,**
Defendants-Appellants,

v.

Jacques F. **PARE,** Third Party Defendant.

Court of Appeals of Tennessee, Eastern Section.

Oct. 14, 1983.

Permission to Appeal Denied by Supreme Court Dec. 19, 1983.

Jeffrey L. Jones, Dandridge, for defendants-appellants.

Kelley Hinsley, Morristown, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

In this action, judgment of $5,150.00 was entered for plaintiffs against the real estate agents as a result of the breach of a real estate sales agreement by the purchaser.

Rainwater Partners, the real estate agents, have appealed.

Plaintiffs had listed their home and 5 acres in Jefferson County with Bill Jones Realtor of Morristown. The purchaser contacted Rainwater Partners of Jefferson City about purchasing the house and, on March 26, 1981, purchaser made an offer in writing, prepared by Rainwater Partners, to purchase the property. On the same date, Rainwater Partners and Bill Jones Realtor entered into a written agreement to co-broker the property, which recited that: "In as much as the principal brokers named hereinunder have mutually agreed to co-broker this transaction to the benefit of all parties named herein, the principal brokers agree to divide commissions . . . ." Purchaser's offer was typed on a preprinted, real estate sales agreement which provided the purchaser would pay $65,500.00, and "To make this agreement valid, I herewith deposit the sum of $5,000.00. . ." The deposit was in the form of a personal check drawn by the purchaser and payable to Rainwater Partners. The check was attached to the offer.

The offer was transmitted to plaintiffs and rejected. After further negotiations, the purchaser offered $69,000.00 for the property which was accomplished upon his approval by x-ing out the $65,500.00 and entering the figures $69,000.00. Plaintiff-sellers accepted this offer on April 2, 1981; however, the principals in Rainwater Partners had been advised on that date by the purchaser, prior to acceptance, that the personal check of the purchaser, drawn on a bank in Jefferson County, was not covered with the funds on deposit. The purchaser, however, assured Rainwater that he would have the entire purchase price in the form of cash for the April 10th closing. Rainwater did not advise the sellers that the check was worthless. Relying on the contract of sale, sellers conditionally contracted to purchase another home.

The purchaser failed to appear at the April 10th closing. Assured that the purchaser would appear later, plaintiff-sellers proceeded with a conditional closing on their new home. Subsequently, Rainwater advised sellers the check attached to the offer was worthless.

Purchaser refused to purchase and this action resulted.

At the conclusion of the evidentiary hearing, without a jury, the trial court observed:

> I find that there was information withheld that was detrimental to these people and they [Rainwater Partners] should have told them there was a problem with it. They relied on it and they suffered damages. The contract was drafted by the Rainwater office, and it says there is $5,000 and there is not, and he didn't tell them about it.

Rainwater Partners insist they were agents for the purchaser, not the seller, and breached no duty owed to the seller.

As a general rule, a broker may be liable for misrepresentations as to the financial standing of his principal. 12 Am. Jur.2d, *Brokers*, § 108, at 857. *Accord: Stein v. Treger*, 182 F.2d 696 (D.C.Cir.1950). *Also see Tennant v. Lawton*, 26 Wash.App. 701, 615 P.2d 1305 (1980). Where a broker acts as an intermediary between a seller and purchaser, the broker is under a duty to deal fairly and honestly with both parties. *See Bell v. Strauch*, 40 Tenn.App. 384, 292 S.W.2d 59 (1954). He owes a duty of honesty, candor and fair dealing to those with whom he deals even in the absence of an express principal and agency relationship. 12 C.J.S., *Brokers*, § 107, at 307. This principal was applied in *Hopkins v. Wardley Corp.*, 611 P.2d 1204 (Utah 1980), accordingly, we conclude defendants Rainwater Partners are liable to plaintiff.

Appellants also argue the trial judge erred in granting plaintiff $5,000.00 in damages. In this regard, the sales contract provides:

> Should I wrongfully fall [sic] or refuse to carry out the terms of this agreement, the owner shall have the right (1) to elect to declare this contract cancelled, in which event the amount deposited may be retained by him as liquidated damages
> . . . .

Appellants further argue this provision is modified by the following contract language:

> If the purchaser default in completing the transaction, I (we) agree, in consideration of services rendered by said agent, that, in event owner elects to retain the earnest money deposited with this offer, it shall be divided equally between the owner(s) (as one party) and said agent
> . . . .

■ The trial judge rejected this contention and we agree. Where a broker's actions in a sale transaction amount to bad faith or misconduct, the broker is not entitled to a commission on the sale. *Christians v. Town of East Ridge*, 12 Tenn.App. 101 (1928); *Powell v. Gilbert*, 10 Tenn.App. 530 (1927). Appellants may not benefit from the contractual provision giving them one half of the earnest money since they tacitly represented the earnest money was properly tendered, while concealing the true facts.

We affirm the judgment of the trial court, assess costs of the appeal to appellants and remand.

GODDARD, J., concurs.

PARROTT J., not participating.