Muriel **WYNER**, a widow, individually and by next friend, Adelia Wyner, Plaintiff–Appellant,

v.

**ATHENS UTILITIES BOARD,**
**Defendant**

and

**Robert L. Miller, Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Sept. 12, 1991.

Permission to Appeal Denied by
Supreme Court Dec. 30, 1991.

James S. Thompson, Cleveland, for plaintiff-appellant.

David F. Harrod, Carter, Harrod & Cunningham, Athens, for defendant.

William P. Biddle, III, Higgins, Biddle, Chester & Trew, Athens, for defendant-appellee.

## OPINION

FRANKS, Judge.

This controversy arose when defendant Miller sold a tract of land, which he had purchased from plaintiff Muriel Wyner, to the Athens Utility Board for a profit. A jury awarded plaintiff $9,500.00, which the trial judge set aside and entered judgment for the defendant. We affirm.

In the summer of 1985, plaintiff's daughter contacted Robert Miller, a licensed realtor with Lay Realty[1] in Athens, and informed Miller that she would like to list two houses for sale. Miller was noncommital and, when plaintiff did not hear from Miller, the land was listed with Hudson Realty. Shortly after the listing, Miller contacted plaintiffs about the sale of two other houses and acreage. Wyner testified that Miller told her he was buying the land for an anonymous client who would pay a "top dollar" price of $30,000.00. Miller suggested a 30–day option on the tract for $50.00 and plaintiffs, who had obtained an independent appraisal and advice from an attorney, agreed to the option.

Prior to this transaction, Athens Utility Board had employed Libby Willson to find a competitively priced tract in the area of the Wyner property. The Board's general manager, George Usury, asked Willson to negotiate anonymously with potential buyers to obtain a low price. Miller testified he knew nothing about the Board's status as Willson's client until he came to his office with the Wyner option on August 31, 1985. Through negotiations, the Board contracted with Miller to obtain the tract for $39,500.00 plus a 10 per cent commission.

Plaintiff knew nothing of the contemplated sale and, shortly after the option was signed, title disputes arose with plaintiffs' neighbors which Miller assisted in settling. The sale to Miller was consummated after the option contract had expired. After the transaction to the Board, Miller and Willson divided the commissions and fees between them. Plaintiff then sued, contending they had made misrepresentations in violation of the Realtors Code of Ethics, which requires disclosure when realtors represent their own interests to a client's detriment.

In setting aside the jury's verdict, the trial judge emphasized that he found no fiduciary relationship between the parties. The defendant asserts he had no duty to disclose Athens Utility Board's interest because he was not in a fiduciary relationship with plaintiffs. Real estate agents are fiduciaries who are in a confidential relationship with their principals. *Reece v. Homestead Realty Inc.*, 626 S.W.2d 711 (Tenn. App.1981); *Heard v. Miles*, 32 Tenn.App. 410, 222 S.W.2d 848 (1949). Because agents owe a duty to represent their clients' best interest, it is inherently incon-

---

1. Between 6 to 8 realtors who considered themselves independent contractors worked at Lay Realty, including Elizabeth Willson, who was married to the chairman of the Athens Utility Board.

sistent for agents to discharge their fiduciary obligations while acting simultaneously for themselves. In any contract of purchase or sale with the principal where the agent benefits, a presumption arises against the transaction's validity. *See McNeill v. Dobson–Bainbridge Realty Co., Inc.*, 184 Tenn. 99, 195 S.W.2d 626 (1946); *Heard, supra; Bell v. Gailey*, 37 Tenn. App. 17, 260 S.W.2d 300 (1951).

■■■ A fiduciary relationship aside, a realtor has a duty to deal honestly with both buyer and seller. *Hughey v. Rainwater Partners*, 661 S.W.2d 690 (Tenn.App. 1983). Moreover, a party may be liable for damages caused by its failure to disclose material facts to the same extent that a party may be liable for fraudulent or negligent misrepresentation, *Macon Cty. Livestock Mkt. v. Ky. State Bank*, 724 S.W.2d 343 (Tenn.App.1986). Liability for non-disclosure arises where the defendant had a duty to disclose. The duty is imposed when the parties are in a fiduciary relationship or each of the parties to the contract expressly reposes trust and confidence in the other or the transaction is inherently fiduciary, *e.g.*, a contract between an insurance company and the insured. *Id.*

■■ We find no material evidence to support any of these theories. A review of the evidence demonstrates Miller used his information about the Board's interest to increase the sales price of his tract to his advantage but there is no proof to establish Miller was the plaintiffs' agent. Plaintiffs' complaint avers that Miller was the Board's agent and the theory was that Miller acted on behalf of an anonymous client. There is no suggestion that Miller was dealing with plaintiffs in anything but an arms length transaction. Adelia Wyner's actions bear this out. She listed part of the parcel eventually sold to Miller with another realtor and obtained an independent appraisal of the property as well as consulting an attorney about the option.

Finally, we note that the failure to establish a fiduciary relationship does not necessarily exonerate a real estate agent. Miller owed a duty to both parties to neither defraud them nor to misrepresent facts. However, the evidence establishing no fiduciary relationship also establishes the victim of the agent's self-dealing was the Athens Utility Board and not the plaintiffs. Plaintiffs knew the nature and ramifications of an option and understood that the contract was with Miller personally. An option allows the potential buyer to make a profit if the land value increases or to decline the transaction if the value declines.

We affirm the judgment of the trial court at appellant's cost and remand.

SANDERS, P.J.(E.S.), and McMURRAY, J., concur.