JENNIFER FRANK                              )
                                           )
        Plaintiff/Appellant,               )
                                           )    Davidson Circuit
                                           )    No.  89-1861-I (III)
VS.                                        )
                                           )    Appeal No.
                                           )    01A01-9601-CH-00044
ALI NOUREDDINI and wife,                   )
OLIFATE NOUREDINNI,                        )
NATIONAL HOMES, INC., AMERICAN  )
REALTY COMPANY, TERRY                      )
STEPHENS, LEE ANN HOFFMAN,                 )
BANC PLUS MORTGAGE                         )
CORPORATION, EXCELLA MORTGAGE)
CORPORATION, SHIRLEY ADKINS,               )
ALAN SATURN AND THE U.S.A.                 )
INSURANCE CORPORATION OF NEW   )
YORK, D/B/A TITLE U.S.A.,                   )
                                           )
        Defendants/Appellees.              )

FILED

**August 7, 1996**

**Cecil W. Crowson
Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


HONORABLE ROBERT S. BRANDT, CHANCELLOR


Sherrie L. Durham #13224
111 West Division Street
Mt. Juliet, TN 37122
ATTORNEY FOR PLAINTIFFS/APPELLANTS

Fred Cowden #2469
211 Third Avenue North
Nashville, TN 37201
ATTORNEY FOR DEFENDANT/APPELLEE

Cornelius & Collins
C. Bennett Harrison, Jr. #5702
Suite 2700 Nashville City Center
P.O. Box 190695
Nashville, TN 37219-0695
ATTORNEY FOR DEFENDANT/APPELLEE

Michael J. Philbin #2897
One Union Street
P.O. Box 198169
Nashville, TN 37219-8169
ATTORNEY FOR DEFENDANT/APPELLEE

AFFIRMED AND REMANDED.

                                  HENRY F. TODD
                                  PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL

JENNIFER FRANK                              )
                                            )
    Plaintiff/Appellant,               )
                                            )    Davidson Circuit
                                            )    No.  89-1861-I (III)
VS.                                         )
                                            )    Appeal No.
                                            )    01A01-9601-CH-00044
ALI NOUREDDINI and wife,                    )
OLIFATE NOUREDINNI,                         )
NATIONAL HOMES, INC., AMERICAN              )
REALTY COMPANY, TERRY                       )
STEPHENS, LEE ANN HOFFMAN,                  )
BANC PLUS MORTGAGE                          )
CORPORATION, EXCELLA MORTGAGE)
CORPORATION, SHIRLEY ADKINS,                )
ALAN SATURN AND THE U.S.A.                  )
INSURANCE CORPORATION OF NEW                )
YORK, D/B/A TITLE U.S.A.,                   )
                                            )
    Defendants/Appellees.              )

# O P I N I O N

The Plaintiff, Jennifer Frank, has appealed from summary judgment in favor of the

Defendants, American Realty Company, Terry Stephens, Lee Ann Hoffman, Shirley Adkins

and Alan Saturn; and from a judgment in favor of Plaintiff and against the Defendant, Ali

Noureddini in the amount of $50,000.  Other captioned Defendants are not involved in this

appeal.

On January 18, 1989, a contract for Sale of Real Estate was executed describing the

property and terms of sale.  Plaintiff was the designated buyer, and signed her name.  The

seller was designed as National Homes, but the seller's signature was N. Homes, Inc., By Ali

Noureddini, (Pres.).  The listing broker was designated as American Realty.  Pertinent

provisions of the contract were:

> Purchase price $136,000 payable as follows: Buyer to obtain
> 70% LTV conventional loan.  This contract is contingent upon
> Buyer's ability to qualify for a new loan.  Buyer agrees to make
> said loan application on or before 1/31/89.
>
> Sale will be closed upon loan approval and completion of home

-3-

no later than 3/31/89.

> Seller to furnish garage door (illegible) back yard to railroad ties. Correct staircase to basement, correct water in basement walls.

On April 3, 1989, a Disclosure/Settlement Statement was signed by Plaintiff and National Homes, Inc.. It contained the following item:

> 506 Escrow for landscaping: $1,800.00

The original complaint was filed on July 14, 1989, against the captioned Defendants, alleging that each was guilty of fraudulent inducement of Plaintiff to enter into the contract and/or close the sale.

On January 29, 1991, the Trial Court entered summary judgments in favor of Olifate Noureddini, Shirley Adkins and Alan Saturn.

On the same date, January 29, 1991, Plaintiff filed an amended complaint identical with the first complaint except for a single paragraph #51:

> Defendants Saturn and Noureddini failed to have a 2-10 Home Buyers Warranty issued to the plaintiff at closing as required by the purchase contract. Although defendant Saturn was aware of this requirement, he instructed defendant Ali Noureddini to sign a one year FHA Warranty which defendant Saturn falsely represented to the plaintiff as the warranty she had contracted for.

On March 30, 1991, an agreed order dismissed U.S.A. Insurance Corporation of New York .

On June 13, 1994, American Realty Company, Terry Stevens and Lee Ann Hoffman were dismissed by summary judgment.

On January 30, 1995, a non-jury judgment was rendered in favor of Plaintiff and Noureddini for $50,000. No judgment was rendered in respect to National Homes, Inc.

Plaintiffs' issues and arguments are presented separately in response to each appellee.

**Shirley Adkins**

Plaintiff asserts that the summary judgment in favor of Shirley Adkins was in error because there was evidence from which a jury would be justified in finding her liable. There is evidence that Ms. Adkins was an appraiser employed by Excella Mortgage Company to appraise the house in question for purposes of approving a loan to plaintiff secured by a mortgage on the house. The affidavit of the loan officer of Excella states:

> I arranged for Shirley Adkins, an appraiser in town, to appraise the property for Ms. Frank. Ms. Frank paid for the appraisal by check.
>
> Jennifer Frank was not knowledgeable about construction and real estate. That is one reason we hired an appraiser: to protect the purchaser and the mortgage company. Ms. Frank often stated that she did not know anything about building houses, but if the appraiser and everyone did their job she would be protected. She expressed several times that she trusted everyone to do their job properly.
>
> Two or three days before the closing was to take place, I received a telephone call from Jennifer Frank. She stated that she was extremely concerned over water pooling in the basement of the house being constructed and requested that I communicate that to the appraiser before the final inspection.
>
> I called Shirley Adkins' office to order a final inspection and left a message regarding the water in the basement with the secretary or receptionist who answered the telephone. I also called Ali Noureddini about the water problem in the basement.
>
> Ms. Frank compiled a "punch list" of minor finishing items to be completed or connected. Ms. Frank never mentioned any major defects. Based on my experience with Ms. Frank, I believe she would have told me if she knew of serious construction defects.
>
> According to the final appraisal report, the house was satisfactorily completed except for minor details such as landscaping and wallpaper. BancPlus agreed to escrow

approximately $1,200.00 to complete the landscaping.
The mortgage was approved on that basis.

The evidence is uncontroverted that Ms. Adkins was employed by Excella Mortgage Company to estimate the value of the property for the purpose of determining whether it was suitable security for the loan requested by Plaintiff, that she was paid by Excella, and had no obligation to any person or firm except Excella. The mere fact that Excella told Ms. Adkins that the Plaintiff had certain concerns regarding the house did not impose upon Ms. Adkins any obligation to Plaintiff. Also, the mere fact that Excella required Plaintiff to pay for the appraisal does not obligate Ms. Adkins to Plaintiff. It is common knowledge that an applicant for a mortgage loan is required to pay for the appraisal as an expense of processing the application.

Plaintiff cites *Tartara v. Palumbo*, 224 Tenn. 262, 453 S.W.2d 780 (1970), wherein the Supreme Court held that a surveyor employed by the seller to survey land for the purpose of describing the property in the deed of transfer could be held liable for negligence in the survey. This authority is distinguishable from the present case in which the appraiser had no cause to believe that her report of the value of the house would be relied upon by the buyer to her detriment.

No error is found in the summary judgment dismissing Shirley Adkins.

**Alan Saturn**

Alan Saturn was designated by Excella Mortgage Company to prepare the necessary documents for closing the sale, to supervise their proper execution and to properly allocate and disburse the funds provided by Excella. His fee was paid out of the same fund.

Plaintiff asserts that Mr. Saturn failed to cause a 2-10 Warranty to be issued. This was a type of insurance policy to indemnify Plaintiff from faults in the house which became

apparent at least 2 years and not more than 10 years after the closing. The evidence is uncontradicted that Mr. Saturn retained funds to pay for the policy and that he did pay for the policy. Moveover, none of the complaints asserted in this case arose at least 2 years after closing. Plaintiff asserts that Mr. Saturn represented to her that the one-year warranty signed by the builder was a satisfactory substitute for the 2-10 warranty. All of Plaintiff's present complaints are during the first year and were covered by the one year warranty. Even though the 2-10 warranty may have never been received, it was paid for and enforceable as to any complaints arising 2 years or more after the closing. For this reason, any misrepresentation as to warranty coverage was irrelevant to the present dispute.

Plaintiff next asserts that Mr. Saturn effected the closing even though there was an outstanding judgment lien against the property. The evidence is uncontroverted that the title policy of the Defendant, U.S.A. Insurance Company of New York protects Plaintiff from loss on account of said lien, that the matter was eventually settled and the said insurance company was dismissed from this suit by agreed order mentioned above.

Plaintiff complains of various representations made to her by Saturn after the closing, but the evidence is uncontroverted that the duties of Saturn to Plaintiff were confined to the closing of the sale and that no actionable representations were made to Plaintiff by Saturn on the date of closing.

No error is found in the summary judgment dismissing Alan Saturn.

**Stevens, Hoffman and American Realty, Inc.**

These appellees have filed no brief in this Court. In the Trial Court, they filed an answer and a motion for summary judgment relying only upon the deposition of Plaintiff and their supporting brief. The brief is not included in the appellant record. The complaint alleges:

Mr. Stevens and Ms. Hoffman made material representations to

Plaintiff that Ali Noureddini/American Homes, Inc. was an excellent builder with a solid reputation in the community for home building.

The plaintiff at all times relied on the superior knowledge and expertise of defendants Terry Stevens and Lee Ann Hoffman.

In reality, defendants Stevens and Hoffman's representations about the skill and reputation of Noureddini/American Homes, Inc. were false.

Plaintiff alleges that these defendants knew their representations about Noureddini/National Homes, Inc. were false at the time they were made, or, in the alternative, these defendants made these representations without having made sufficient inquiry and without sufficient knowledge as to the truth or falsity of their statements.

During discussions with Terry Stevens and Lee Ann Hoffman, Mr. Stevens and Ms. Hoffman represented to the plaintiff that the subject home would be completed no later tan March 31, 1989.

In direct reliance upon the representations of Terry Stevens, Lee Ann Hoffman, Ali Noureddini and National Homes, Inc., the plaintiff entered into a contract for the purchase of the home at 1232 Reelfoot Circle.

As the completion date for the subject home approached, the Plaintiff expressed concern to defendants Hoffman and Stevens as agent for American Realty and National Homes, Inc. that her home might not be completed in a timely fashion.

Despite the fact that the defendants American Realty, Terry Stevens, Lee Ann Hoffman, National Homes and Ali Noureddini knew that the subject home was not complete, each repeatedly urged the plaintiff to go ahead with closing. More specifically, these defendants represented to the plaintiff that the home was ready and suitable for occupancy and that any remaining work was minor.

The defendants, American Realty, Terry Stevens, Lee Ann Hoffman, National Homes, Inc., and Ali Noureddini, at all times material hereto, possess special skill and knowledge regarding the construction and sale of real estate.

The plaintiff in direct reliance on the representations of defendants American Realty, Terry Stevens, Ali Noureddini and National Homes, inc., agreed to proceed with the closing of the subject property.

The plaintiff last viewed the property the day before closing and expressed concerns to the defendants Terry Stevens, Lee Ann Hoffman and Ali Noureddini and employees of the Excella Mortgage Company about whether the home would be complete and ready for occupancy by the closing date. These defendants repeatedly assured plaintiff that everything would be completed

in the timely and workmanlike manner.

Although the home was not finished, the defendants, Ali Noureddini, Terry Stevens, Lee Ann Hoffman, and American Realty and Excella Mortgage urged the plaintiff to close on the home.

The defendants, in order to induce the plaintiff to close, created a "punch list" of uncompleted items to be corrected by defendant Noureddini and/or defendant National Homes immediately following closing. A copy of said punch list is attached hereto as Exhibit C.

In direct reliance on the representations of Terry Stevens, Lee Ann Hoffman, American Realty, Ali Noureddini, National Homes, Inc., Excella Mortgage and Shirley Atkins, the plaintiff closed the loan papers on the home on April 3, 1989.

The plaintiff asserts that the defendant American Realty, Inc., Terry Stevens, Lee Ann Hoffman, Excella Mortgage Corporation, Shirley Adkins, Ali Noureddini, Olifate Noureddini, National Homes, Inc., and Shirley Adkins, knew or should have known prior to the closing on the subject property that no Certificate for Use and Occupancy had been issued.

The plaintiff alleges that the acts of Ali Noureddini, individually, and National Homes, Inc., Terry Stevens, Lee Ann Hoffman, Shirley Adkins, and Alan Saturn constitute misrepresentation.

The plaintiff, as a direct and proximate result of the Defendants' misrepresentations, has sustained severe and extensive damages.

Plaintiff alleges that the acts of Ali Noureddini, individually, and NationalHomes, Inc., Terry Stevens, Lee Ann Hoffman, Shirley Adkins, and Alan Saturn constitute negligent misrepresentation.

Plaintiff alleges that defendants Ali Noureddini, National Homes, Inc., Terry Stevens, Lee Ann Hoffman, Alan Saturn and American Realty, Inc., knew that her home was not ready for occupancy, knew it had not been approved by the Metropolitan Codes Administration for Davidson County, and knew that no use and occupancy letter had been issued. These defendants also knew that there were substantial code violations causing the subject home to be unhabitable. Despite this knowledge, the defendants, and each of them, urged the plaintiff to close on the subject home, and conspired to conceal the true state of facts from the plaintiff.

Furthermore, these defendants, and each of them, knew about the cloud on plaintiff's title, yet each of them conspired to conceal this fact from plaintiff and persuaded her to close the

purchase.

The deposition of Plaintiff consists of two volumes and 418 pages. It has been reviewed thoroughly. The deposition of Plaintiff shows conclusively that she has no evidence to support an award of damages against these defendants on any ground alleged in the complaint.

In summary, Plaintiff contracted with a corporation to buy a house from a corporation and did close the purchase of the house from the corporation even though it was not completed to her satisfaction. She says she closed the sale on the advice of her lawyer who told her she could rely on the defendants to protect her. On such evidence, legal liability of third parties to the transaction cannot rest.

Plaintiff cites *Gray v. Boyle Investment Company*, Tenn. App. 1990, 803 S.W.2d 678, which is distinguishable. In that case the broker received the purchase money from Plaintiffs and released it to the seller knowing that the holder of a mortgage holder was foreclosing on the property. There is no showing in the present case of any such assumption of obligation by the broker or its agents. Moreover, in the cited case, the infirmity in title was not such as would be apparent to the purchaser and resulted in the loss of the purchase money.

In the present case, Plaintiff knew of the defects in the house when she completed the transaction. Plaintiffs' deposition shows that she has no evidence that these defendants had knowledge contrary to the opinions expressed to her.

Under these circumstances, summary judgment for these defendants was proper. *Moman v. Walden*, Tenn. App. 1986, 719 S.W.2d 533, *Celotex v. Catrett* - U.S. - 106 S Ct. 2548, 91 L. Ed 2d 285 (1986).

**Ali Noureddini**

This defendant was the sole stockholder, president and active controller of National Homes, Inc., from which Plaintiff purchased the house in question. As previously stated, the corporate seller was not sued in this case, despite its obvious liability as builder and seller of the house. Plaintiff seeks to impose liability upon the owner of the corporation upon theories of fraud, deceit, breach of warranty violation of the Tennessee Consumer Protection Act and mutual mistake of fact.

As to this defendant, the Trial Court did <u>not</u> grant summary judgment, but considered all the evidence and entered an order stating:

> [T]he Court found that the Defendant, Ali Noureddini was negligent and did not build the house in question in a good and workman like manner. The Court determined that the Plaintiff is entitled to recover damages in the amount of fifty thousand dollars ($50,000.00) from the Defendant Ali Noureddini.

On appeal, Plaintiff complains that the Trial Court failed to find that this Defendant deceived and defrauded her and failed to award punitive damages, "liquidated damages" and attorneys fees. This Defendant filed no brief in this Court.

Plaintiff's brief cites no evidence of actual fraud in misrepresenting a present fact, but relies upon statements of Defendant as to what he would do in the future. Such statements are not generally regarded as a valid basis for an action for fraud and deceit. *Fowler Happy Goodman Family*, Tenn. 1978, 575 S.W.2d 496. *Young v. Cooper*, 30 Tenn. App. 55, 203 S.W.2d 376.

To establish a cause of action for negligent misrepresentation, the statement must be of a material past or present fact. Statements of opinion or intention, puffing sales talk, or conjecture or representation of future events are not actionable even though they may later

prove to be false. *McElroy v. Boise, Cascade Corporation*, Tenn. App. 1982, 632 S.W.2d 127.

Neither the Plaintiff nor this Defendant questions the correctness of the $50,000 judgment. This Court will therefore not disturb it. However, the record does not support any increase in the judgment as urged by the Plaintiff.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed to the appellant. The cause is remanded to the Trial Court for any necessary further procedures.

AFFIRMED AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE